**E-filed 2/8/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK DAVIS, | ) | No. C 05-4678 JF (PR) |
| Plaintiff, | ) ) | PARTIAL DISMISSAL ORDER; ORDER OF SERVICE |
| vs. | ) ) | |
| MIKE EVANS, et. al., | ) ) | |
| Defendants. | ) ) | |

     Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison officials. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The Court will review the complaint pursuant to 28 U.S.C. § 1915.

**DISCUSSION**

A.    Standard of Review

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

1  monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
3  elements: (1) that a right secured by the Constitution or laws of the United States was violated,
4  and (2) that the alleged deprivation was committed by a person acting under the color of state
5  law. West v. Atkins, 487 U.S. 42, 48 (1988). To state a claim a plaintiff must show a specific
6  constitutional or federal guarantee safeguarding the interests that have been invaded. Paul v.
7  Davis, 424 U.S. 693, 697 (1976).

8  B.    Plaintiff's Claims

9  Plaintiff alleges that on June 25, 2005, he was assaulted by a fellow inmate. During the
10  assault, Correctional Officer ("C.O.") Sandoval did not press the alarm button to alert other
11  officers of the emergency situation. Plaintiff sustained injuries from this attack. Plaintiff claims
12  that C.O. Macias denied his right to retrieve his personal property from his cell after the attack.
13  Plaintiff claims that he was denied medial treatment for his follow up injuries. See Complaint at
14  3.

15  Plaintiff names the following Defendants: M. Evans, Warden at Salinas Valley State
16  Prison; A. Tucker, Associate Warden at Salinas Valley State Prison; D. Sandoval, Correctional
17  Officer at Salinas Valley State Prison; all known and unknown CDC Correctional Officers at
18  Salinas Valley State Prison. See Complaint at 2-3. Plaintiff seeks compensatory and punitive
19  damages, including reimbursement for his stolen personal property. Plaintiff requests that his
20  behavioral good credits be reinstated, his positive classification points be restored, and that
21  further medical treatment be continued for his injuries. See Complaint at 3-4.

22  **1.    Eighth Amendment "Failure to Protect" Claim**

23  The Eighth Amendment requires that prison officials take reasonable measures to
24  guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular,
25  prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id.
26  at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d
27  1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). The
28  failure of prison officials to protect inmates from attacks by other inmates or from dangerous

conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. <u>Farmer</u>, 511 U.S. at 834; <u>Hearns</u>, 413 F.3d at 1040-41.  A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, see <u>Berg</u>, 794 F.2d at 459**.**

Allegations in a <u>pro se</u> complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference – i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it – states a "failure-to-protect" claim.  See <u>Hearns</u>, 413 F.3d at 1041-42.

Liberally construed, Plaintiff has alleged a cognizable failure to protect claim under the Eighth Amendment.   The Court will order service of this claim.

**2.     Medical Treatment**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); <u>Jones v. Johnson</u>, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See <u>McGuckin</u>, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  <u>Id.</u> (citing <u>Estelle v. Gamble</u>, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.  See <u>id.</u> at 1059-60 (citing <u>Wood v. Housewright</u>, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial

1  risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.
2  Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of
3  facts from which the inference could be drawn that a substantial risk of serious harm exists," but
4  he "must also draw the inference." Id. If a prison official should have been aware of the risk,
5  but was not, then the official has not violated the Eighth Amendment, no matter how severe the
6  risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

       Liberally construed, Plaintiff has alleged a cognizable claim of deliberate indifference to his medical needs. The Court will order service of this claim.

**3.      Property**

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized, however. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986) (same). California law provides such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). The Court concludes that Plaintiff's property claim is not cognizable under §1983 because Plaintiff has an adequate state remedy for the random and unauthorized loss of his personal property. Plaintiff's property claim is DISMISSED as to all Defendants.

\\\

\\\

**4.     Named Defendants**

Plaintiff has named the following Defendants in his complaint: M. Evans, Warden at Salinas Valley State Prison; A. Tucker, Associate Warden at Salinas Valley State Prison; D. Sandoval, Correctional Officer at Salinas Valley State Prison; and all known and unknown CDC Correctional Officers at Salinas Valley State Prison. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

In order to proceed with a claim against the individual "Doe" Defendants, all known and unknown CDC Correctional Officers at Salinas Valley State Prison, Plaintiff must identify them through discovery and, if successful, seek leave to amend his complaint to name them (along with addresses) and set forth specific facts as to how each individual defendant violated his rights. See Wakefield v Thompson, 177 F3d 1160, 1163 (9th Cir 1999). Plaintiff will be afforded ninety (90) days from the date of this order to identify all unknown Defendants. Any unknown Defendant not identified within the designated time will be dismissed from this action. Plaintiff is reminded that he alone is responsible for all discovery. The Court will not conduct discovery for a party.

## CONCLUSION

1.     Plaintiff's property claim is DISMISSED with prejudice.

2.     The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies of this order on all named individual Defendants: Mike Evans, Warden at Salinas Valley State Prison; A. Tucker, Associate Warden at Salinas Valley State Prison; and D. Sandoval, Correctional Officer at Salinas Valley State Prison.

1  The Clerk shall also serve a copy of this order on Plaintiff.

2        3.      In order to expedite the resolution of this case, the Court orders as follows:

3            a.      No later than **sixty (60) days** from the date of the receipt of this order, Defendants shall file a motion for summary judgment or other dispositive motion, or shall notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

1  \\\

2       Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex</u>

3  <u>Corp. v. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing

4  summary judgment must come forward with evidence showing triable issues of material fact on

5  every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to

6  Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the

7  granting of the motion, and granting of judgment against plaintiff without a trial.  <u>See</u> <u>Ghazali v.</u>

8  <u>Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th

9  Cir. 1994).

10      c.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after

11 Plaintiff's opposition is filed.

12      d.    The motion shall be deemed submitted as of the date the reply brief is due.

13 No hearing will be held on the motion unless the Court so orders at a later date.

14      4.    All communications by the Plaintiff with the Court must be served on Defendants,

15 or Defendants' counsel once counsel has been designated, by mailing a true copy of the

16 document to Defendant or Defendants' counsel.

17      5.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

18 and the parties informed of any change of address and must comply with the Court's orders in a

19 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

20 pursuant to Federal Rule of Civil Procedure 41(b).

21      6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

22 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

23 required before the parties may conduct discovery.

24      IT IS SO ORDERED.

25 DATED:  2/8/07

26                          JEREMY FOGEL
                           United States District Judge

27

28

Partial Dismissal Order; Order of Service
P:\pro-se\sj.jf\cr.05\Davis678srv      7

1
2   A copy of this ruling was mailed to the following:
3
    Frank Davis
4   P-08923
    High Desert State Prison
5   P.O. Box 3030
    Susanville, CA  96130
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Partial Dismissal Order; Order of Service
P:\pro-se\sj.jf\cr.05\Davis678srv              8