NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK L. DAVIS,<br><br>     Plaintiff,<br><br>  vs.<br><br>MIKE EVANS, et. al.,<br><br>     Defendants. | No. C 05-4678 JF (PR)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PENDING MOTIONS AS MOOT<br><br>(Docket Nos. 17, 33, 35) |

Plaintiff, a state prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against officials of the Salinas Valley State Prison ("SVSP"). Plaintiff has been granted leave to proceed in forma pauperis. The Court dismissed one of Plaintiff's claims and ordered service of the complaint on the named Defendants. Defendant Evans has filed a motion to dismiss for failure to exhaust administrative remedies or, in the alternative, on the ground that he is entitled to qualified immunity. Plaintiff has filed opposition, and Evans has filed a reply. Defendants Tucker and Sandoval have joined in the pending motion to dismiss. Based upon the papers submitted, the Court will GRANT Defendants' motion and DISMISS the complaint without prejudice for failure to exhaust administrative remedies.

\\\

1  Based upon the dismissal, Plaintiff's motion for an extension of time to amend the complaint and
2  Defendants' motion to stay discovery will be DENIED as moot.

### DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006). The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford, 126 S. Ct. at 2382. "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." Id. at 2387. Therefore, the PLRA exhaustion requirement requires proper exhaustion. Id. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 2386 (footnote omitted).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely

affecting their welfare." Cal. Code Regs tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional staff. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the director of the California Department of Corrections and Rehabilitation. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit 15, § 3084.5). A final decision from the director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 922-23 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." Id. (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. Id. Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to plead or demonstrate exhaustion specifically in their complaints. Jones, 127 S. Ct. at 921-22. As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

Here, Defendants correctly raise nonexhaustion in an unenumerated motion to dismiss. Defendants contend that Plaintiff's claims should be dismissed because Plaintiff did not exhaust his administrative remedies before filing this action. Defendants note that Plaintiff admits in his verified complaint that he did not exhaust the administrative grievance process with respect to the claims in the instant complaint. In his response to the question, "Did you present the facts in

1 your complaint for review through the grievance procedure?" Plaintiff checked "No."

2 Complaint at 1. Plaintiff states that he did file an informal appeal at SVSP, but that he did not

3 receive a response before he was transferred to High Desert State Prison. Id. at 2. Plaintiff

4 further alleges that he filed a Citizens' Complaint and a 602 Inmate Appeal concerning the

5 alleged assault but that these complaints were ignored by SVSP administration and not returned

6 to him. Id. Plaintiff explains that he did file a "grievance complaint within (S.V.S.P.) as

7 required by the CDC Institutions procedures. But never did get any legal response from the

8 Administration Personnel." Id. With his complaint, Plaintiff attached a copy of his letter to

9 SVSP Warden Evans stating that he would like to meet personally with the Warden to discuss

10 the June 25, 2005 incident. Complaint, Ex. A. Plaintiff also attached a copy of a 602 Inmate

11 Appeal form, which he signed and dated on July 17, 2005. Complaint, Ex. B. However, the

12 form does not indicate any response on the part of SVSP personnel: there is no date of receipt,

13 no staff signature, and no written response. Id. Plaintiff also has submitted copies of his medical

14 report and a CDC 115 Rules Violation Report form regarding the June 25, 2005 incident.

15 Complaint, Exs. C, D.

16 Defendants assert that Plaintiff's letter did not follow the CDCR's administrative

17 grievance procedure, which requires that a CDC Form 602 be submitted, rather than a letter.

18 Cal. Code Regs. Tit.15, §3084.2(a). Here, Plaintiff attached a CDC 602 form to his letter

19 without any written instruction concerning the form. Thus, Defendants contend that the form

20 was nothing more than a supporting document or exhibit attached to Plaintiff's formal complaint

21 letter. Additionally, Plaintiff has not established that he completely exhausted his grievance

22 through the Director's level of review.

23 Defendants have submitted supporting documentation from Plaintiff's CDCR

24 administrative appeal record. According to a computer printout showing his appeals history at

25 SVSP, Plaintiff submitted twenty-one appeals, eleven of which met the Code of Regulations'

26 criteria for review and were assigned an institutional log number. Decl. of T. Variz, Appeals

27 Coordinator, In Support of Defs.' Mot. at 2; Ex. A. According to the SVSP computer printout,

28 Plaintiff's most recent appeal submitted at SVSP was at the informal level of review in

1  December 2004. Id., Ex. A at 2. According to the SVSP Appeals Coordinator, if an inmate is
2  transferred to a new prison facility before exhausting the appeals process at the facility where the
3  grievance arose, he can pursue the appeal by mailing the grievance to that institution.
4  Alternatively, an inmate may submit the grievance at his current institution and it will be
5  forwarded to the institution where the grievance arose. Id. at 3, ¶ 8.

6        Defendants also have submitted documentation of Plaintiff's appeal history at the
7  director's level of review. According to the CDCR Inmate Appeals Branch, Plaintiff has
8  submitted one appeal through the final level of review. This appeal, HDSP 06-0959, was
9  submitted while Plaintiff was incarcerated at High Desert State Prison ("HDSP") and concerns
10 Plaintiff's request for a higher level of mental health treatment at HDSP. Decl. of N. Grannis in
11 Support of Defs. Mot. at 2; Ex. B. Although Plaintiff did submit a second appeal at the
12 director's level, this appeal was screened out in April 2006 because Plaintiff had not completed
13 the second level of review and the original appeal form was omitted. Id. at 2; Ex. C. Defendants
14 argue that the instant claims must be dismissed because Plaintiff's administrative appeals record,
15 documented by the Inmate Appeal Branch and SVSP as well as Plaintiff's own verified
16 complaint, demonstrate that Plaintiff has not fully exhausted his administrative remedies with
17 respect to the present incident through the director's level of review.

18       In his opposition, Plaintiff maintains that he submitted a CDC 1858 Citizens Complaint, a
19 CDC 602 Inmate Appeal against Sandoval and a letter asking to meet with Tucker on July 17,
20 2005. Pl.'s Opp. at 1; Decl. of Plaintiff in Support of Opp. at 4. After Plaintiff received no
21 response, he submitted copies of the CDC 1858, CDC 602 and a detailed letter of the June 25,
22 2005 assault to Warden Evans on July 27, 2005. Id. On August 1, 2005, Plaintiff was
23 transferred to HDSP, as a non-adverse transfer as a result of being the victim of an assault. Id.
24 Plaintiff received his CDC 115 Rules Violation Report hearing results, but he never received
25 acknowledgment from Evans or Tucker, nor were his submitted documents returned to him. Id.
26 After waiting five months, he filed the instant civil rights action on November 15, 2005. Id.
27 Plaintiff has submitted copies of the documents he sent to Tucker on July 17, 2005 and copies of
28 the letter and documents sent to Evans on July 27, 2005. Pl.'s Opp. Ex. A, B.

1    Plaintiff asserts that his track record of appeals demonstrates that he will appeal any issue
2 "which has had a significant adverse effect upon himself." Id. at 2. He claims that the electronic
3 records submitted by Defendants do not reflect appeals that are screened out, or take into account
4 the procedures by which the appeals coordinator or staff determine whether the appeal meets the
5 criteria for review under the CCR. Plaintiff argues that this latter procedure could be a
6 calculated and deliberate means to disavow lost, misplaced appeals. Pl.'s Opp. at 2. Plaintiff
7 points out that prior to the submission of inmate appeals through institutional mail to the
8 appropriate staff, inmates are not permitted to attach or obtain a proof of service. He contends
9 that this procedure creates a risk of misplaced and lost appeals with no recording or printout of
10 these documents in the institution's records. Id. at 3. Finally, Plaintiff argues "that it is futile for
11 there to be a secondary appeal filed if plaintiff did not file a appeal in the first place to the
12 allegations in this case." Id. at 3.

13    The Court concludes that Plaintiff has failed to demonstrate that he has exhausted his
14 administrative remedies with respect to the specific claims set forth in his complaint prior to
15 filing this suit on November 15, 2005. The Court notes that a prisoner must complete the
16 administrative review process in accordance with the applicable procedural rules, including
17 deadlines, as a precondition to bringing suit in federal court. Woodford v. Ngo, 126 S. Ct. at
18 2384. "Proper exhaustion demands compliance with an agency's deadlines and other critical
19 procedural rules because no adjudicative system can function effectively without imposing some
20 orderly structure on the course of its proceedings." Id. at 2386 (footnote omitted). Even
21 accepting Plaintiff's allegations as true, Plaintiff's supporting documentation of his CDC 1858,
22 CDC 602, and letter to Defendant Evans do not show any received date or other
23 acknowledgment that these documents were received or processed by Defendants or other SVSP
24 staff. Even assuming that Plaintiff's documentation did satisfy the requirements at the informal
25 level of review, Plaintiff does not allege or establish, that he exhausted the three remaining levels
26 of review applicable to his claims. Plaintiff admits that after receiving no response from his
27 initial documentation and letter from July 2005 for five months, he simply filed the instant
28 complaint. It is clear at the very least that Plaintiff has not pursued his appeal through the

1  director's level of review.  A final decision from the director's level of review satisfies the

2  exhaustion requirement under § 1997e(a).  <u>Barry v. Ratelle</u>, 985 F. Supp. at 1237-38. (citing Cal.

3  Code Regs. tit 15, § 3084.5).   Plaintiff's contentions regarding the general processing of inmate

4  appeals do not address the particular appeal concerning the instant claims.  Nor does Plaintiff

5  allege that *this* appeal was lost at the first, second or third levels of review.  Accordingly,

6  Defendants' motion to dismiss (docket no. 17) for Plaintiff's failure to exhaust administrative

7  remedies will be GRANTED.[1]

## CONCLUSION

9  Defendants' motion to dismiss the complaint for Plaintiff's failure to exhaust

10  administrative remedies (docket no. 17) is GRANTED.  The instant complaint is DISMISSED

11  without prejudice.  Based upon the dismissal, Plaintiff's motion for an extension of time to

12  amend the complaint (docket no. 35) and Defendants' motion to stay discovery (docket no. 33)

13  are DENIED as moot.  The Clerk shall enter judgment and close the file.

14  IT IS SO ORDERED.

15  DATED:  3/25/08

JEREMY FOGEL
United States District Judge

---

[1] Based upon the Court's finding that Plaintiff failed to exhaust his administrative remedies, the Court declines to address Defendants' second argument concerning qualified immunity.